# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

Nº 10-cv-00048 (JFB) (GRB)

AMERICAN AUTOMOBILE INSURANCE COMPANY,

Plaintiff,

VERSUS

SECURITY INCOME PLANNERS & CO, LLC, ET AL.,

Defendants.

**MEMORANDUM AND ORDER**
March 22, 2012

JOSEPH F. BIANCO, District Judge:

Plaintiff American Automobile Insurance Company ("plaintiff" or "AAIC") brought this action against Security Income Planners & Co., LLC ("SIPCOLLC"), Security Income Planners & Co., Inc. ("SIPCOINC"), Jay Hoffman ("Hoffman"), Maria Gross ("Gross"), Marianna Cerulli ("Cerulli"), Christopher Sommaruga ("Sommaruga"), Dominick Greco ("Greco"), Catherine Sferlazza ("Sferlazza"), and Frank DiCarlo ("DiCarlo") (collectively, "defendants") seeking a declaratory judgment that AAIC is not obligated to indemnify or defend SIPCOLLC against claims asserted by Gross and Cerulli in an underlying state lawsuit[1]

concerning the fraudulent activity of defendant Hoffman, who was the president of SIPCOLLC, as well as a declaratory judgment that AAIC is not obligated to indemnify or defend SIPCOLLC against any lawsuits which may be filed in the future by potential claimants who had investments mishandled and/or defalcated by Hoffman.

Gross and Cerulli moved for summary judgment seeking a declaration that AAIC has an obligation to defend and pay the claims asserted against SIPCOLLC by Gross and Cerulli on the grounds that those claims concern services rendered by Hoffman and the negligence rendered by SIPCOLLC in failing to implement usual and customary business practices to avoid foreseeable misdeeds. SIPCOLLC moved for partial summary judgment seeking a declaration that AAIC is obligated to defend

---

[1] The suit is styled *Maria Gross v. Marianna Cerulli v. Security Income Planners & Co., LLC, a/k/a SIPCO, Security Income Planners Co., Inc. and Jay Hoffman*, Index No. 005625/2010 and is pending in the Supreme Court of the State of New York, County of Nassau.

SIPCOLLC, and seeking attorneys' fees. AAIC, in turn, cross-moved for summary judgment seeking a declaration that AAIC has no duty to defend or indemnify SIPCOLLC against claims relating to Hoffman's conduct on the grounds that Hoffman's conduct falls within several exclusions to the AAIC policy.

For the reasons set forth below, the Court holds that AAIC has a duty to defend against the claims asserted against SIPCOLLC by Gross and Cerulli. The Court refrains from determining whether AAIC has a duty to indemnify SIPCOLLC for the claims asserted by Gross and Cerulli because it would be premature to do so. Accordingly, the Court grants partial summary judgment to Gross and Cerulli on the duty to defend issue, but denies summary judgment to Gross and Cerulli on the duty to indemnify issue. The Court grants SIPCOLLC's partial motion for summary judgment seeking a declaration that AAIC is obligated to defend SIPCOLLC against the claims asserted by Gross and Cerulli, and awards SIPCOLLC attorneys' fees. The Court denies AAIC's cross-motion for summary judgment in its entirety.

I. BACKGROUND

A. Factual Background

The Court has taken the facts set forth below from the parties' depositions, affidavits, and exhibits, and from the parties' respective Rule 56.1 Statements of Facts. Upon consideration of a motion for summary judgment, the Court shall construe the facts in the light most favorable to the non-moving party. *See Capobianco v. City of New York*, 422 F.3d 47, 50 (2d Cir. 2005). Unless otherwise noted, where a party's 56.1 Statement is cited, that fact is undisputed or the opposing party has pointed to no evidence in the record to contradict it.[2]

AAIC issued Independent Life Insurance Agents Errors and Omissions Liability insurance policy number ME07324731 for the policy period from April 18, 2009 to April 18, 2010, and named SIPCOLLC as the insured. (G&C's[3] 56.1 ¶¶ 1, 2.) AAIC asserts that Hoffman was also an insured under the AAIC policy, but SIPCOLLC disputes whether Hoffman was insured at the time of his conduct. (Pl.'s 56.1 ¶ 1; Pl.'s Response to G&C's 56.1 ¶ 2; SIPCOLLC's Response to Pl.'s 56.1 ¶ 1.)

SIPCOLLC, a New York limited liability company, was formed in 1999 by Hoffman and Gary Hertzan ("Hertzan"). (Pl.'s 56.1 ¶ 4, G&C's 56.1 ¶¶ 3, 4.) Hoffman was the president and Hertzan acted as Chief Financial Officer. (Pl.'s 56.1 ¶ 5.) Neil Himmelstein ("Himmelstein") joined as an "independent producer" of insurance products, then became a partner of SIPCOLLC in 2006 and held the title of senior vice president. (*Id.* ¶¶ 6, 7.)

Hoffman was also the sole shareholder of a separate entity known as SIPCOINC, an inactive New York domestic corporation. (SIPCOLLC's 56.1 ¶ 5.) In 2005, Hoffman began transferring the insurance licenses of SIPCOINC to SIPCOLLC, which allowed SIPCOLLC to offer insurance products as an insurance broker and general agent. (Pl.'s 56.1 ¶ 10.)

---

[2] In addition, although the parties' Rule 56.1 Statements contain specific citations to the record to support their statements, the Court has cited to the Rule 56.1 Statements, rather than the underlying citation to the record, when utilizing the 56.1 Statements for purposes of this summary of facts.

[3] The Court refers to Gross and Cerulli's 56.1 statement as "G&C's 56.1."

2

In October 2009, the Securities and Exchange Commission and the Suffolk County District Attorney's Office began investigating SIPCOLLC in connection with Hoffman's handling of investments and alleged fraud.[4] (*Id.* ¶ 11.) The District Attorney eventually brought charges against Hoffman, and on December 17, 2010, Hoffman pled guilty to a 24-count indictment, including 11 counts of second-degree grand larceny, 11 counts of third-degree grand larceny, and two counts of scheme to defraud. (*Id.* ¶ 15.) At his plea proceeding, Hoffman testified that between January 1, 1989 through October 10, 2009, he engaged in a scheme constituting a systematic ongoing course of conduct with the intent to defraud ten or more people by false or fraudulent pretenses, representations or promises, and obtained property from one or more such persons, including Cerulli, Greco, Gross, Sferlazza, and Sommaruga. (*Id.* ¶ 16.) On January 3, 2011, Hoffman was sentenced to a term of imprisonment of twenty-eight months to seven years. (*Id.* ¶ 17.)

During the investigation, it was discovered that Hoffman deposited checks from individuals made out to "Security Income Planners" to SIPCOINC's bank account. (*Id.* ¶ 12.) Hoffman also issued "Statements of Account," which described the terms of the investment including the amount of money invested, the rate of return, and the maturity date. (*Id.* ¶ 13.) These statements were issued on SIPCOLLC letterhead, SIPCOINC letterhead, and without letterhead, and many of them were unsigned. (*Id.*) In 2008 and 2009, Hoffman advised or recommended to Gross and Cerulli that they should convert, redeem, or alter other insurance-related products to acquire certain fixed annuities. (G&C's 56.1 ¶¶ 11, 12.) On November 1, 2008, Hoffman issued a Statement of Account to Gross reflecting the purchase of her annuity from SIPCOLLC in the amount of $50,000. (*Id.* ¶ 13.) That same day, Hoffman issued a Statement of Account to Cerulli reflecting the purchase of her annuity from SIPCOLLC in the amount of $181,000. (*Id.* ¶ 14.)

On October 14, 2009, SIPCOLLC filed an action in the Supreme Court of the State of New York, Suffolk County, styled *Security Income Planners & Co., LLC v. Security Income Planners & Co., Inc., and Jay Hoffman*, Index No. 41348/2009. (Pl.'s 56.1 ¶ 18.) In the complaint, SIPCOLLC alleges breach of fiduciary duty against Hoffman, fraud, wrongful diversion of funds, unjust enrichment, unauthorized withdrawal and unlawful possession of funds by Hoffman. (*Id.* ¶ 19.) On October 19, 2009, SIPCOLLC tendered its claim for coverage under the AAIC policy in connection with Hoffman's actions. (*Id.* ¶ 20.) On December 15, 2009, AAIC denied SIPCOLLC's claim based on various provisions and exclusions of the AAIC policy. (*Id.* ¶ 21.) SIPCOLLC does not seek coverage for the claims asserted in that lawsuit. (*See* Mem. of Law in Further Support of Def. SIPCO, LLC's Mot. for Partial Summary Judgment and in Opp. to Pl.'s Cross-Mot. for Summary Judgment at 1 n.1.)

On October 19, 2009, counsel for SIPCOLLC provided AAIC with notice of claims and potential claims that it had received concerning Hoffman. (SIPCOLLC's 56.1 ¶ 6.) The notice advised AAIC that it had received claims from Greco, Sferlazza, Sommaruga, and DiCarlo, and advised that potential claims could be brought by numerous other individuals. (*Id.*

---

[4] SIPCOLLC denies that the pages referenced by plaintiff establish that the investigation was of SIPCOLLC. (SIPCOLLC's Response to Pl.'s 56.1 ¶ 11.)

¶ 6.) AAIC disclaimed coverage for, and refused to defend, SIPCOLLC against these actual and potential future claims, and commenced this declaratory judgment action against SIPCOLLC. (*Id.* ¶¶ 7, 8.)

On March 22, 2010, Gross and Cerulli filed a complaint in the Supreme Court of the State of New York, Nassau County, styled *Maria Gross v. Marianna Cerulli v. Security Income Planners & Co., LLC, a/k/a SIPCO, Security Income Planners Co., Inc. and Jay Hoffman*, Index No. 005625/2010.[5] (Pl.'s 56.1 ¶ 50.) The complaint alleged failure to pay Gross and Cerulli's investments by SIPCOLLC, unjust enrichment as against SIPCOINC, and misrepresentation by Hoffman. (*Id.* ¶ 51.) Gross filed a motion for summary judgment in that action and included within her moving papers an affidavit and memorandum of law advising AAIC that she would amend her complaint to assert negligence-based claims against SIPCOLLC. (SIPCOLLC's 56.1 ¶¶ 11, 12.)

Gross and Cerulli then filed a motion to amend their complaint in the underlying lawsuit against SIPCOLLC. (SIPCOLLC's Response to Pl.'s 56.1 ¶ 70.) The proposed amended verified complaint asserted claims for negligence, negligent training and supervision, and breach of fiduciary duty. (*Id.* ¶ 71.) On November 28, 2011, Nassau County Supreme Court Judge Ira B. Warshawsky granted the motion to amend the complaint. (Letter from William J. O'Mahoney to Hon. Joseph F. Bianco, Dec. 1, 2011, ECF No. 153.)

---

[5] SIPCOLLC denies this paragraph, citing the proposed amended verified complaint in the underlying state action. (SIPCOLLC's Response to Pl.'s 56.1 ¶ 50.) As discussed *infra*, the Court has considered the amended complaint in connection with this motion.

B. Procedural Background

Plaintiff filed the complaint in this action on January 6, 2010. Sommaruga answered the complaint on February 17, 2010. AAIC voluntarily dismissed Frank DiCarlo on February 19, 2010. AAIC filed an amended complaint on March 18, 2010. AAIC voluntarily dismissed defendants Jacqueline Voliano and Michelle Peck on June 18, 2010. AAIC filed a second amended complaint on June 22, 2010. Gross and Cerulli filed an answer on July 20, 2010.

AAIC filed motions for entry of default judgment against Hoffman on January 6, 2011 and against Greco, DiCarlo, and Sferlazza on March 8, 2011. On August 30, 2011, the Court denied the motions for entry of default as to Hoffman, Greco, Sferlazza, and DiCarlo without prejudice to re-filing the motions once the claims against the non-defaulting defendants have been resolved.

Gross and Cerulli filed a motion for summary judgment on June 6, 2011. SIPCOLLC filed a motion for partial summary judgment on June 20, 2011. On August 5, 2011, AAIC filed a cross-motion for summary judgment, including a memorandum of law in support of the cross-motion for summary judgment and a memorandum of law in opposition to defendants' motions for summary judgment. On September 15, 2011, Gross and Cerulli filed a reply memorandum of law in support of their motion for summary judgment and in opposition to plaintiff's cross-motion. On October 6, 2011, SIPCOLLC filed a reply memorandum of law in support of its motion for partial summary judgment and in opposition to plaintiff's cross-motion. On October 18, 2011, AAIC filed a reply memorandum in support of its cross-motion. The Court has fully considered the submissions of the parties.

## II. STANDARD OF REVIEW

The standards for summary judgment are well settled. Pursuant to Federal Rule of Civil Procedure 56(a), a court may only grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that he or she is entitled to summary judgment. *Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (quoting *Weyant v. Okst*, 101 F.3d 845, 854 (2d Cir. 1996)); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Once the moving party has met its burden, the opposing party "'must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*.'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (emphasis in original)). As the Supreme Court stated in Anderson, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50, 106 S. Ct. 2505 (citations omitted). Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. *Id.* at 247-48, 106 S. Ct. 2505 (emphasis in original). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials but must set forth "'concrete particulars'" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir.1984) (quoting *SEC v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978)). Accordingly, it is insufficient for a party opposing summary judgment "'merely to assert a conclusion without supplying supporting arguments or facts.'" *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (quoting *Research Automation Corp.*, 585 F.2d at 33).

## III. DISCUSSION

### A. Applicable Law

Under New York law, an insurer has an "exceedingly broad" duty to defend the insured. *Auto. Ins. Co. of Hartford v. Cook*, 7 N.Y.3d 131, 137 (2006) (citations omitted). The duty to defend is broader than the duty to indemnify. *See Seaboard Surety Co. v. Gillette Co.*, 64 N.Y.2d 304, 310 (1984) ("Where an insurance policy includes the insurer's promise to defend the insured

5

against specified claims as well as to indemnify for actual liability, the insurer's duty to furnish a defense is broader than its obligation to indemnify."); *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 65 (1991) ("an insurer may be contractually bound to defend even though it may not ultimately be bound to pay, either because its insured is not factually or legally liable or because the occurrence is later proven to be outside the policy's coverage").

"[A]n insurer will be called upon to provide a defense whenever the allegations of the complaint suggest . . . a reasonable possibility of coverage." *Auto. Ins. Co. of Hartford*, 7 N.Y.3d at 137 (citations omitted); *see Fitzpatrick*, 78 N.Y.2d at 65 ("This Court has repeatedly held that an insurer's duty to defend its insured arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy."). An insurer has a duty to defend a claim against its policy holder unless it can "establish, as a matter of law, that there is no possible factual or legal basis on which the insurer might eventually be obligated to indemnify [the insured] under any provision contained in the policy." *Villa Charlotte Bronte, Inc. v. Commercial Union Ins. Co.*, 64 N.Y.2d 846, 848 (1985). An insurer who seeks to be relieved of the duty to defend based on a policy exclusion "bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision." *Frontier Insulation Contrs. v. Merchants Mut. Ins. Co.*, 91 N.Y.2d 169, 175 (1997). Further, "[i]f any of the claims against the insured arguably arise from covered events, the insurer is required to defend the entire action." *Id.*

"Insurance policies are contracts to which the ordinary rules of contractual interpretation apply." *Accessories Biz, Inc. v. Linda & Jay Keane, Inc.*, 533 F. Supp. 2d 381, 386 (S.D.N.Y. 2008). New York insurance contracts are construed in light of "common speech." *Ace Wire & Cable Co. v. Aetna Cas. & Sur. Co.*, 60 N.Y.2d 390, 398 (1983). Insurance contracts must also be interpreted "according to the reasonable expectations and purposes of ordinary businessman when making an ordinary business contract." *GMAC v. Nationwide Ins. Co.*, 4 N.Y.3d 451, 457 (2005) (quotations and citations omitted). Ambiguous terms in a policy "must be construed in favor of the insured and against the insurer." *White v. Cont'l Cas. Co.*, 9 N.Y.3d 264, 268 (2007).

B. Duty to Defend

Gross and Cerulli's initial complaint in Nassau County Supreme Court against SIPCOLLC alleged failure to pay Gross and Cerulli's investments by SIPCOLLC, unjust enrichment as against SIPCOINC, and misrepresentation by Hoffman. Gross and Cerulli moved to amend their complaint to assert additional claims. On November 28, 2011, Nassau County Supreme Court Judge Ira B. Warshawsky granted Gross and Cerulli's motion to amend the complaint. The amended complaint asserts claims for negligence, negligent training and supervision, and breach of fiduciary duty. The amended complaint from the state action is now properly considered by this Court in connection with the issues on summary judgment.

AAIC argues that the "Commingling, Misappropriation or Conversion" Exclusion ("Commingling Exclusion") or the

"Improper Personal Profit" Exclusion ("Improper Profit Exclusion") bar defendants' claims, including the negligent supervision and breach of fiduciary duty claims. The Commingling Exclusion states:

> We shall not be liable to make any payment for Loss in connection with any Claim:
>
> K. Based upon, arising out of . . . 3. Any commingling, misappropriation or conversion of funds.

(Declaration of Anthony W. Cummings in Support of Defendants Gross and Cerulli's Motion (the "Cummings Decl.") at Ex. A.) The Improper Profit Exclusion states:

> We shall not be liable to make any payment for Loss in connection with any Claim:
>
> B. Based upon or arising out of any Insured gaining in fact any personal profit or advantage to which such Insured was not legally entitled.

(Cummings Decl. at Ex. A.) AAIC argues that Hoffman's actions meet the requirements set forth in these two Exclusions. Specifically, AAIC notes that the loss sought by Gross and Cerulli is the repayment of the $50,000 and $181,000 loans, plus interest, which Hoffman allegedly misappropriated and which he illegally profited from. AAIC contends that if SIPCOLLC is found liable to repay Gross and Cerulli due to its negligence, the "Commingling" Exclusion and the "Illegal Personal Profit" Exclusion would bar coverage because the two loans arise directly from Hoffman's misappropriation and his illegal profit.

Defendants argue that New York courts hold that policies similar to the policy at issue provide coverage for negligent supervision claims arising from intentional, fraudulent, or criminal acts. For example, in *Bistricer v. Fed. Ins. Co.*, 02 Civ. 5366 (JSR), 2003 U.S. Dist. LEXIS 17227 (S.D.N.Y. Sept. 30, 2003), the Court held that an "improper profit" policy exclusion did not apply to a negligence claim. Specifically, the policy stated that the insurer "shall not be liable" for "[l]oss on account of any Claim made against any Insured Person: . . .(c) based upon, arising from, or in consequence of such Insured Person having gained in fact any personal profit, remuneration or advantage to which such Insured Person was not legally entitled." *Id.* at *9. The underlying action involved allegations that executives of a company had improperly diverted more than $3 million in inventory and accounts receivable to other entities they controlled. Although most of the claims brought in the underlying action alleged that "plaintiffs had committed a dishonest act for their own personal benefit," the complaint also asserted a negligent supervision claim. *Id*. The court held that plaintiffs were not entitled to indemnification for the claims relating to the "dishonest act," but that plaintiffs were entitled to "coverage" and defense with respect to the negligent supervision claim, since "neither dishonesty nor personal profit are elements of the alleged negligence." *Id.* at *11. Similarly, in the case at bar, the negligent supervision claim is based on SIPCOLLC's failure to train, manage, or supervise its agents. Improper personal profit by SIPCOLLC is not an element of the alleged negligence, nor is commingling, misappropriation, or conversion of funds an element of such a claim.

Defendants cite several other cases in which the court found a duty to defend where the underlying complaint alleged negligence or negligent supervision.

7

Although none of these cases specifically address whether the policies at issue had a Commingling Exclusion or an Improper Profit Exclusion, and why the alleged conduct did not fall within these exclusions, the reasoning in these decisions still applies, and is persuasive. Specifically, although Hoffman's conduct was intentional and fraudulent, the claim against SIPCOLLC for negligent supervision does not allege that SIPCOLLC gained any improper personal profit through its failure to supervise, or that SIPCOLLC improperly commingled, misappropriated, or converted funds.

For example, in *Watkins Glen Cent. Sch. Dist. v. Nat'l Union Fire Ins. Co.*, 286 A.D.2d 48 (N.Y. App. Div. 2001), the school district was sued for negligent supervision after one of its teachers allegedly committed criminal acts of sexual abuse against students while he was employed as a teacher. *Id.* at 50. The insurer disclaimed coverage, pursuant to two policy exclusions for claims arising from assault and battery, and bodily injury and emotional distress. *Id*. The Appellate Division, Second Department, held that the insurer was obligated to provide the school district with defense and indemnification for its potential liability for the alleged negligent supervision. *Id.* at 55. The court noted, "[w]hile [the teacher] may have acted intentionally in perpetrating the sexual assaults against the two plaintiff students in the underlying action, liability as against the School District is predicated upon its conceptually independent negligent supervision." *Id.* at 54. Similarly, while Hoffman may have acted intentionally in engaging in the fraudulent conduct, liability as to SIPCOLLC is "predicated upon its conceptually independent negligent supervision" of Hoffman. *See id.*; *see also Gladstein & Isaac v. Philadelphia Indem. Ins. Co.*, 82 A.D.3d 468, 468 (N.Y. App. Div. 2011) ("The court properly determined that the allegations in the underlying complaint that plaintiffs' law firm negligently hired and supervised an attorney who purportedly made sexual advances to a client, fall within the type of errors and omissions coverage provided by defendant's professional liability insurance policy.")

Similarly, in *Murphy v. Nutmeg Ins. Co.*, 5 A.D.3d 358, 360 (N.Y. App. Div. 2004), the court held that the insurer was required to defend plaintiff against RICO violations, breach of fiduciary duty, and negligence claims, "as long as there remains a pending claim sounding in negligence, since the allegations set forth in that claim for relief fall within the scope of risks covered by the subject policy." *Id.* The insurance policy excluded coverage for, "among other things, dishonest, fraudulent, and criminal or malicious acts of the insured, as well as acts arising out of an insured's activities in a fiduciary capacity." *Id.* at 360. Because plaintiffs brought the negligence claim in addition to the other claims, and because negligence was covered by the policy, the insurer was required to defend and indemnify the insured. Thus, even though the *same* actors had engaged in conduct prohibited by the policy in addition to negligent conduct, the insurer still had a duty to defend. In the instant action, the negligent supervision claim is further removed because it is brought against SIPCOLLC, not against Hoffman.

That AAIC has a duty to defend where the complaint alleges a claim sounding in negligence is supported by additional cases in New York courts. *See, e.g.*, *Westport Ins. Corp. v. Hamilton Wharton Grp., Inc.*, 10 Civ. 2188 (RMB)(THK), 2011 U.S. Dist. LEXIS 20535, at *12-13 (S.D.N.Y. Feb. 23, 2011) (Insurer "has a duty to defend [insured] in the State Actions because at least one, if not more, of the claims alleged in the State Actions, i.e., negligence in the

8

performance of professional services and/or breach of contract, present a reasonable possibility of coverage under the Policy."); *Napoli, Kaiser & Bern, LLP v. Westport Ins. Corp.*, 295 F. Supp. 2d 335, 341 (S.D.N.Y. 2003) ("The complaints against [the insured] primarily allege intentional and fraudulent conduct. But there remains a reasonable possibility that [the insured] will be found liable for conduct covered by the policy. [The insured] may be found liable for breach of fiduciary duty based on its allegedly negligent conduct of the settlement negotiations and its negligent failure to contact certain referred clients, all of which damaged the referred clients and referring firms.").[6]

AAIC points to a Sixth Circuit case and a case from an intermediate appellate court in Georgia to support its argument that it has no duty to defend against Gross and Cerulli's negligent supervision claim because the claim falls within the Commingling or Improper Profit Exclusions. *See Northland Ins. Co. v. Stewart Title Guar. Co.*, 327 F.3d 448, 457 (6th Cir. 2003); *Fid. Nat'l Title Ins. Co. v. OHIC Ins. Co.*, 275 Ga. App. 55 (Ct. App. 2005). Needless to say, these cases do not set forth the law in New York. For supporting authority in New York, AAIC relies heavily on *Nat'l Union Fire Ins. Co. v. AARPO Inc.*, 97 Civ. 1438 (JSM), 1999 U.S. Dist. LEXIS 181 (S.D.N.Y. Jan. 14, 1999). AAIC contends that *AARPO* stands for the proposition that New York "public policy militates against a rule allowing a plaintiff to impel a defendant's insurance carrier to provide a costly defense for intentional culpable conduct that [the insurer] expressly excluded from coverage, simply by adding a claim of negligence." *Id.* at *14. In *AARPO*, plaintiffs filed a complaint detailing a massive campaign of fraud "knowingly conceived and deliberately executed" by the defendants. *Id.* at *4. Nine months after filing the complaint, plaintiffs filed an amended complaint that added a claim for relief for "negligent misrepresentation." *Id.* Plaintiffs alleged that "to the extent . . . defendants did not know that [the submitted] information was false and misleading, they breached their duties and were negligent in making false representations and providing misleading and incomplete statements to plaintiffs." *Id.* at *4-5. Defendants demanded that the insurer defend and indemnify them, but the insurer disclaimed coverage on the grounds that the policy provided coverage only for "negligent acts, errors or omissions" and excluded from coverage "any dishonest, fraudulent, criminal or malicious act." *Id.* at *5. The court ruled in favor of the insurer, holding that it was not required to defend or indemnify defendants against the claims. The court relied on the policy rationale that entities "applying for liability insurance to protect themselves from claims of negligence would no doubt be distressed to think they should be sharing the costs of defending those accused of perpetrating a massive criminal fraud simply because the plaintiff added a last-minute allegation of negligence wholly at odds with the factual assertions of the complaint." *Id.* at *12-13.

---

[6] SIPCOLLC also argues that the Improper Profit Exclusion does not apply to Hoffman because there is a factual dispute as to whether Hoffman was an "Insured" at the time of his conduct. (Mem. of Law in Further Support of SIPCOLLC's Mot. for Partial Summary Judgment and in Opp. to Pl.'s Cross-Mot. for Summary Judgment at 12.) The Court need not address this argument because SIPCOLLC was indisputably an "Insured" under the AAIC policy, and the basis for the Court's holding that AAIC has a duty to defend is that SIPCOLLC's alleged negligent supervision of Hoffman did not cause SIPCOLLC to improperly profit. Whether Hoffman was insured at the time of his conduct is not relevant to that determination.

The court further noted that "[p]laintiffs do not seriously contend that the millions of dollars of losses they suffered resulted merely from some innocent, though negligent conduct of the defendants." *Id.* at *11.

Although the public policy rationale expressed in *AARPO* is correct, the case here is factually distinguishable. In *AARPO*, plaintiffs added a negligence claim that was "wholly at odds with the factual assertions of the complaint" because it was implausible that plaintiffs could have *negligently* perpetrated the alleged massive fraud. *Id.* at *13. In the case at bar, by contrast, plaintiff alleges fraud on the part of Hoffman, and negligent supervision by SIPCOLLC. Without evaluating the strength of the negligent supervision claim, it is clear, at the least, that the claims are not "wholly at odds" from each other.

Accordingly, because New York courts hold that negligence or negligent supervision claims arising from fraudulent or intentional acts are not excluded by insurance policies similar to the policy at issue, the negligent supervision allegation set forth in Gross and Cerulli's amended complaint suggests a "reasonable possibility" of coverage. *See Auto. Ins. Co. of Hartford*, 7 N.Y.3d at 137. Thus, this Court grants partial summary judgment to defendants and holds that AAIC has a duty to defend SIPCOLLC against the claims asserted by Gross and Cerulli.

As to future potential claimants seeking recovery for damages arising from Hoffman's actions, the Court denies summary judgment to AAIC on the grounds that such a determination is premature. Potential claimants have not yet articulated the claims, if any, that they may assert against SIPCOLLC. Thus, the Court cannot yet determine whether AAIC has a duty to defend SIPCOLLC from these yet-to-be-filed lawsuits.

C. Duty to Indemnify

AAIC seeks a declaratory judgment that it has no duty to indemnify SIPCOLLC for the claims asserted against it by Gross and Cerulli and by future claimants. Gross and Cerulli seek a declaratory judgment that AAIC must indemnify SIPCOLLC for those same claims. The Court denies summary judgment to both parties on this claim. It is premature for the Court to determine whether or not AAIC has a duty to indemnify SIPCOLLC because the issue of indemnification necessarily depends on facts that will be decided in the underlying state action.

"'An action to declare the insurer's duty to indemnify is premature and does not lie where the complaint in the underlying action alleges several grounds of liability, some of which invoke the coverage of the policy, and where the issues of indemnification and coverage hinge on facts which will necessarily be decided in that underlying action.'" *Specialty Nat'l Ins. Co. v. English Bros. Funeral Home*, 606 F. Supp. 2d 466, 472 (S.D.N.Y. 2009) (quoting *Hout v. Coffman*, 126 A.D.2d 973, 973 (N.Y. App. Div. 1987)); *see Westport Ins. Corp.*, 2011 U.S. Dist. LEXIS 20535, at *15 (insurer's "duty to indemnify [insured] necessarily depends on the resolution of one or more issues to be determined in the State Actions and is, therefore premature"); *Murphy*, 5 A.D.3d at 360 (denying summary judgment on claim that insurer was required to indemnify insured because "there are triable issues of fact with respect to the plaintiffs' negligence in the underlying action"); *Spodek v. Liberty Mut. Ins. Co.*, 155 A.D.2d 439, 441 (N.Y. App. Div. 1989) (issue of insurer's duty to indemnify was "raised

prematurely" because it required "resolution of the underlying claim").

In the instant action, SIPCOLLC's liability for Hoffman's actions and for SIPCOLLC's alleged negligent supervision hinges on facts that have not yet been determined. Accordingly, the Court denies summary judgment to AAIC and to Gross and Cerulli on the portion of their claims concerning AAIC's duty to indemnify SIPCOLLC.

### D. Attorneys' Fees

Under New York law, "an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys' fees." *U.S. Underwriters Ins. Co. v. City Club Hotel, LLC*, 3 N.Y.3d 592, 598 (2004); *see Mighty Midgets, Inc. v. Centennial Ins. Co.*, 47 N.Y.2d 12, 21 (1979). Where the "expenses incurred by [the insured] in defending against the declaratory judgment action arose as a direct consequence of [the insurer's] unsuccessful attempt to free itself of its policy obligations, [the insured] is entitled to recover those expenses from the insurer." *U.S. Underwriters Ins. Co.*, 3 N.Y.3d at 598; *see Westport Ins. Corp.*, 2011 U.S. Dist. LEXIS 20535, at *18 ("[Insurer] has cast [insured] in a 'defensive position' in this declaratory judgment action which seeks to free [insurer] from its policy obligation to defend and indemnify [insured] in the State Actions. Since the Court has determined that [insurer] does have a duty to defend and may have a duty to indemnify (depending upon the resolution of fact issues in the State Actions), [insured] ha[s] prevailed on the merits for the purpose of obtaining legal fees.").

AAIC has cast SIPCOLLC into a defensive posture by pursuing this declaratory judgment action.[7] The Court has held that AAIC has a duty to defend SIPCOLLC in the underlying action asserted by Gross and Cerulli. Accordingly, SIPCOLLC is entitled attorneys' fees incurred in defending the instant action.

---

[7] AAIC argues that SIPCOLLC should not be found to have been in a defensive posture with respect to the action SIPCOLLC filed against SIPCOINC and Hoffman in Suffolk County Supreme Court (*Security Income Planners & Co., LLC v. Security Income Planners & Co., Inc., and Jay Hoffman*, Index No. 41348/2009), because SIPCOLLC is the plaintiff in that action. The Court need not address this issue since SIPCOLLC does not seek coverage for the claims asserted in the lawsuit against SIPCOINC and Hoffman.

11

III. CONCLUSION

For the foregoing reasons, the Court grants partial summary judgment to Gross and Cerulli on the duty to defend issue, but denies summary judgment to Gross and Cerulli on the duty to indemnify issue. The Court grants SIPCOLLC's partial motion for summary judgment seeking a declaration that AAIC is obligated to defend SIPCOLLC against the claims asserted by Gross and Cerulli, and awards SIPCOLLC attorneys' fees. The Court denies AAIC's cross-motion for summary judgment in its entirety.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 22, 2012
Central Islip, NY

\* \* \*

AAIC is represented by Concepcion A. Montoya and Douglas A. Johns, Hinshaw & Culbertson LLP, 780 Third Avenue 4th Floor, New York, NY 10017. SIPCOLLC and SIPCOINC are represented by Richard J. Quadrino and William J. O'Mahony, Quadrino & Schwartz, 666 Old Country Road, 9th Floor, Garden City, NY 11530. Gross and Cerulli are represented by Martin P. Unger and Anthony W. Cummings, Certilman, Balin, Adler & Hyman, LLP, 90 Merrick Avenue, East Meadow, NY 11554. Christopher Sommaruga is *pro se*, 385 Moriches Road, St. James, NY 11780.